1722-CC10638

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
State of Missouri

| | |
|---|---|
| **WAYNE BOTZ** ) | |
| ) | |
| **Plaintiff,** ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| **LIBERTY MUTUAL INSURANCE** ) | |
| REQUEST SUMMONS BE ISSUED ) | |
| FOR SERVICE BY MAIL PER ) | |
| Mo. Civ. Pro. 54.16 ) | |
| ) | |
| SERVE: Director of Insuranec ) | |
| 300 West High St ) | |
| Room 530 ) | |
| Jefferson City, MO 65101 | |

**Defendants.**

### PETITION FOR DAMAGES

COMES NOW Plaintiff, and for her cause of action against Defendant states as follows:

1. Plaintiff Botz resides in St. Louis city, State of Missouri.

2. Defendant Liberty Mutual is a duly organized corporation authorized to do business in the State of Missouri and is subject to the laws of this state.

3. Plaintiff was first injured near Intrastate 170 and Ladue in the county of St. Louis, state of Missouri.

4. Venue is proper in St. Louis City, state of Missouri. RSMo 508.010(4).

5. Plaintiff was injured on August 28, 2013.



EXHIBIT A

Electronically Filed - City of St. Louis - June 22, 2017 - 10:48 AM

6. At all times hereto, Plaintiff was operating a vehicle on Northbound 170 merging from the Forest Park Parkway entrance ramp.

7. At all times hereto, an underinsured motorist, Laquetta Dobbs, was operating vehicle on Northbound 170 merging from the Forest Park Parkway entrance ramp.

8. Dobbs is an underinsured driver for the purposes of this action.

9. All licensed drivers in Missouri are required to keep a careful lookout for other vehicles.

10. Dobbs is required to keep a careful lookout for other vehicles.

11. Dobbs failed to keep a safe following distance and rear-ended Plaintiff's vehicle causing injury.

12. In colliding with Plaintiff Botz's vehicle, Dobbs was negligent in the following ways:

    a. negligently operated her vehicle at an excessive speed under the circumstances then and there existing;

    b. negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover Plaintiff's vehicle before colliding with Plaintiff's vehicle; or

    c. negligently failed to swerve, slacken speed, stop or sound warning before colliding with Plaintiff's vehicle; or

    d. failed to yield the right of way to Plaintiff; or

    e. negligently followed too closely.

13. As a direct and proximate result of Dobbs' negligence as described herein, Plaintiff suffered the following injuries to his person:

    a. injury to his wrist;

    b. permanent, disabling, severe and ongoing headaches;

    c. reduced ability to work;

    d. pain and suffering;

    e. inconvenience;

    f. excessive fatigue; and

    g. Brain injury.

### ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff had a valid contract of insurance with Liberty Mutual in force at the time of the crash. The policy number is AOS-248-507647-40-3-2 ("insurance policy"). The effective date is 5/10/13.

15. The policy provides for underinsured motorist benefits. These benefits are due to plaintiff when the underlying tortfeasor does not have enough insurance coverage to provide for the damages suffered by the plaintiff.

16. Dobbs has tendered her policy limit of $25,000.

17. Plaintiff has suffered an injury to his head as a result of this crash, causing severe headaches requiring ongoing care which Defendant Liberty Mutual denies and continues to deny.

Electronically Filed - City of St. Louis - June 22, 2017 - 10:48 AM

18. Plaintiff has dutifully and faithfully complied with provisions of the insurance policy, including notifying Liberty Mutual of a potential claim on July 18, 2014.

19. Plaintiff has provided a recorded statement and all medical records to Liberty Mutual.

20. Liberty Mutual has, in turn, failed to consider all the medical damages suffered by plaintiff and submitted to Liberty Mutual.

21. On May 4, 2015, plaintiff submitted a demand for payment to Liberty Mutual. On May 26, 2015, Liberty Mutual responded and failed to make any payment. The loss is covered under the insurance policy.

22. On June 2, 2015, plaintiff renewed his demand for payment under the insurance policy. The loss is covered under the insurance policy.

23. On July 30, 2015, Liberty Mutual responded and again failed to compensate plaintiff for his injuries as required under the insurance policy. The loss is covered under the insurance policy.

24. On January 20, 2017, plaintiff again made a demand under the insurance policy. Enclosed in the demand was a report from the treating physician of plaintiff. The physician was Dr. Lizette Alvarez.

25. Defendant Liberty Mutual responded on February 17, 2017, and again did not issue payment as required under the insurance policy. Additionally, Liberty Mutual failed to consider the additional medical treatment from Dr. Lizette Alvarez and experienced by plaintiff. The loss is covered under the policy.

26. On February 17, 2017, Liberty Mutual re-sent a previous report prepared on December 14, 2015, by a doctor paid and selected by Liberty Mutual which stated plaintiff had

reached maximum medical improvement on October 24, 2013, less than 2 months after the crash.

27. The doctor selected by Liberty Mutual was Todd Silverman. The report was dated 12/14/15.

28. Dr. Silverman has never examined nor spoken to plaintiff.

29. Plaintiff is not a patient of Dr. Silverman.

30. There is not a physician-patient relationship between Dr. Silverman and Plaintiff.

31. Dr. Silverman never took a history from plaintiff.

32. Dr. Silverman did not perform any tests on plaintiff.

33. Liberty Mutual never requested that plaintiff submit to an exam by Dr. Silverman.

34. Liberty Mutual failed to consider the damages listed by Dr. Lizette Alvarez and instead simply relied on the report by Dr. Silverman which was drafted before the additional medical treatment by Dr. Alvarez.

35. Instead, Liberty Mutual claimed an incident from 1997, over 15 years prior to this crash, was the cause of the plaintiff's problems.

36. Of note, the report by Dr. Silverman includes recommendations for headache management.

37. Dr. Alvarez has provided plaintiff headache management as mentioned in Dr. Silverman's report and recommended by the neuropsychologist Dr. Nicole Werner.

38. Despite Liberty Mutual knowing plaintiff needed headache management as early as 12/14/15 (and possibly before this date), as mentioned in Dr. Silverman's report, Liberty Mutual refused to consider the medical evidence from Dr. Lizette Alvarez showing the headache management.

39. In fact, Dr. Silverman's report specifically states he was unaware of any current treatment provided to plaintiff.

40. In direct contradiction to Dr. Silverman's report, Liberty Mutual was aware of current treatment to plaintiff as shown by the records of Dr. Lizette Alvarez which were provided to Liberty Mutual at the time of plaintiff's January 20, 2017, demand.

41. Liberty Mutual, in a letter dated 2/17/17, through its adjuster, Stephen Schleicher, promised to forward the new records to Dr. Silverman and get an updated opinion based on those records.

42. Plaintiff was never provided with Dr. Silverman's updated opinion.

43. Liberty Mutual did not provide Dr. Silverman the new records of treatment and instead chose to rely on his outdated and incomplete report as justification to refuse payment to plaintiff. Such reliance on Dr. Silverman's report was unreasonable and without just cause.

44. Liberty Mutual failed to make payment after considering the demand sent by plaintiff on January 20, 2017.

45. Liberty Mutual did not consider the additional medical treatment of plaintiff when responding to the January 20, 2017 demand.

46. Liberty Mutual did not consider plaintiff's wrist injury.

## I.  Breach of Contract for Underinsured Motorist Benefits

47. Plaintiff incorporates the preceding paragraphs by reference.

48. Liberty Mutual and plaintiff had a valid contract under the insurance policy.

49. Plaintiff has complied with all conditions precedent under the policy.

Electronically Filed - City of St. Louis - June 22, 2017 - 10:48 AM

50. Defendant Liberty Mutual has refused to comply with the terms under the insurance policy stated in the above paragraphs.

51. The failure by defendant Liberty Mutual is a breach of the contract under the insurance policy.

52. As a result, plaintiff has incurred damages in excess of $25,000.

## II.     Vexatious Refusal to Pay

53. Plaintiff incorporates the preceding paragraphs by reference.

54. The failure and/or delay to make payment under the insurance policy after demands by plaintiff is without reasonable cause or excuse.

55. Liberty Mutual failed to make payment after 3 separate demands by plaintiff. Liberty Mutual has still not made payment as of the date of this filing.

56. This failure and /or delay to make payment to plaintiff pursuant to the policy provisions of the insurance policy is vexatious in nature to the extent to justify and cause an award of additional amounts to the plaintiff for the delay and refusal and for the attorney's fees related to this action pursuant to the provisions of V.A.M.S. § 375.296 and V.A.M.S. § 375.420.

57. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained damages up to $25,000.00 and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment, pain and suffering.

WHEREFORE, Plaintiff prays judgment against the Defendant in an amount that is fair and reasonable, and in excess of $25,000.00, and for his costs in this suit and attorney's fees.

MUTRUX FINNEY, P.C.

Electronically Filed - City of St. Louis - June 22, 2017 - 10:48 AM

By: ***/s/ Christopher J. Finney***
Christopher Finney  #62888
Mutrux Finney, P.C.
225 S. Meramec
Suite 821T
St. Louis, MO 63105
W: 314.270.2273
Fax: 314.884.4333
chris@mfinjury.com
Attorney for Plaintiff



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC10638 |
| Plaintiff/Petitioner:<br>WAYNE BOTZ<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER J FINNEY<br>225 South Meramec<br>12TH FLOOR<br>Clayton, MO  63105 |
| Defendant/Respondent:<br>LIBERTY MUTUAL INSURANCE | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

**The State of Missouri to:** LIBERTY MUTUAL INSURANCE
        Alias:

DIRECTOR OF INSURANCE
300 WEST HIGH ST ROOM 530
JEFFERSON CITY, MO  65101



COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

**JUNE 22, 2017**                                             **THOMAS KLOEPPINGER**
    Date Issued                                                          Clerk

Further Information:

### Certificate of Mailing

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent LIBERTY MUTUAL INSURANCE by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

_____
    Date



# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC10638 | |
|---|---|---|
| Plaintiff/Petitioner:<br>WAYNE BOTZ<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Defendant/Respondent:<br>LIBERTY MUTUAL INSURANCE | | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

**To: LIBERTY MUTUAL INSURANCE**
**DIRECTOR OF INSURANCE**
**300 WEST HIGH ST ROOM 530**
**JEFFERSON CITY, MO 65101**

　　The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

　　You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 22-JUN-2017.

　　If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

　　If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

　　If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

**I declare, under penalty of perjury, that this notice was mailed on 22-JUN-2017.**

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

　　I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____    _____
Date                                              Signature

_____
Relationship to Entity/Authority to receive service of process

# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI



| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC10638 | |
|---|---|---|
| Plaintiff/Petitioner:<br>WAYNE BOTZ<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | SOP RECEIPT DATE<br><br>JUN 28 2017<br><br>MO. DEPT OF INSURANCE,<br>FINANCIAL INSTITUTIONS &<br>PROFESSIONAL REGISTRATION |
| Defendant/Respondent:<br>LIBERTY MUTUAL INSURANCE | | |
| Nature of Suit:<br>CC Breach of Contract | | |

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

**To: LIBERTY MUTUAL INSURANCE**
DIRECTOR OF INSURANCE
300 WEST HIGH ST ROOM 530
JEFFERSON CITY, MO 65101

FILED
2017 JUL -6 AM 11:02
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 22-JUN-2017.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

**I declare, under penalty of perjury, that this notice was mailed on 22-JUN-2017.**

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

6/29/17
Date

_____
Signature

_____
Relationship to Entity/Authority to receive service of process

ENTERED
JUL -7 2017

OSCA (4-99) CV150 (NASM) *For Court Use Only:* Document ID# 17-NASM-385     1 of 1     Civil Procedure Form No. 4-B

State of Missouri

## Department of Insurance, Financial Institutions and Professional Registration



**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

LIBERTY MUTUAL INSURANCE COMPANY
CSC LAWYERS INCORPORATING SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**RE:** Court: St. Louis City Circuit Court, Case Number: 1722-CC10638

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the state of Missouri, Dated at Jefferson City, Missouri this 28th day of June, 2017.

*Chlora Lindley-Myers*
Director of Insurance, Financial Institutions
and Professional Registration

**AFFIDAVIT**

State of Missouri,
             ss.
County of Cole,

The undersigned Director of the Department of Insurance, Financial Institutions and Professional Registration or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on ___June 30___, 2017 by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Insurance,
Financial Institutions and Professional Registration

By: _____

Subscribed and sworn to before me this 30 day of June, 2017.

_____
Notary Public

My commission expires: August 26, 2017

JODI L. LEHMAN
Notary Public - Notary Seal
State of Missouri
Commissioned for Cole County
My Commission Expires: August 26, 2017
Commission Number: 13497894

301 West High Street, Room 530, P.O. Box 690 / JeffersonCity, Missouri 65102-0690
Telephone 573-751-2619 / TDD 1-573-526-4536 (Hearing Impaired)
http://www.difp.mo.gov